UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ISMA MAMADOU BA, | ) |
|         Petitioner, | ) CASE NO.  C07-0422-TSZ-JPD |
| v. | ) |
| U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT, | ) REPORT AND RECOMMENDATION |
|         Respondent. | ) |

## I. INTRODUCTION AND SUMMARY CONCLUSION

Petitioner Isma Mamadou Ba is a native and citizen of Senegal who is being detained by the United States Immigration and Customs Enforcement ("ICE") pursuant to an order of removal that became final on February 9, 1995. On March 21, 2007, petitioner, proceeding pro se, filed an "Emergency Motion for Stay of Deportation," requesting that the Court enter a temporary stay of removal, restricting ICE from removing him from the United States until his motion to reopen has been decided by the Immigration Court. (Dkt. #6). The motion was *not* accompanied by a Petition for a Writ of Habeas Corpus or any other pleading.  The Court declined to serve petitioner's motion for stay for lack of jurisdiction, but directed the petitioner to amend his pleadings by filing an amended habeas petition within thirty (30) days. (Dkt. #7). To date, petitioner has not filed a Petition for Writ of Habeas Corpus, nor has he presented any factual basis or legal argument as to why he is entitled to relief from removal.

Having reviewed petitioner's motion, I recommend that petitioner's motion for stay of

REPORT AND RECOMMENDATION
PAGE – 1

removal be denied and that this action be terminated.

## II. DISCUSSION

Petitioner asks this Court to stay his removal until his I-130 Petition for Alien relative has been heard. Petitioner contends that the I-130 petition has been approved and that there is a visa available to him. (Dkt. #6 at 1).

The standard of review for a stay of removal is set forth in *Abbassi v. INS*, 143 F.3d 513 (9th Cir. 1998); *see also Andreiu v. Ashcroft*, 253 F.3d 477, 483 (9th Cir. 2001) (en banc)(concluding that § 1252(f)(2) does not limit the power of federal courts to grant a stay of removal). Under *Abbassi*, petitioner must show either: (1) the probability of success on the merits plus the possibility of irreparable harm, or (2) that serious legal questions are raised and the balance of hardships tips sharply in petitioner's favor. *Abbassi*, 143 F.3d at 514. "'These standards represent the outer extremes of a continuum, with the relative hardships to the parties providing the critical element in determining at what point on the continuum a stay pending review is justified.'" *Andreiu*, 253 F.3d at 483 (quoting *Abbassi*, 143 F.3d at 514). If the applicant shows no chance of success on the merits, however, the injunction should not issue. *Arcamuzi v. Continental Airlines*, Inc., 819 F.2d 935, 937 (9th Cir. 1987).

The Court finds that petitioner meets neither prong of the *Abbassi* test. Petitioner asserts that despite being ordered removed *in absentia*, he has "numerous reliefs available to him e.g. cancellation of removal (2) convention against torture and of course his family based petition by sister." (Dkt. #6 at 2). Petitioner neither explains nor provides any support for his assertion that his removal should be stayed. Although the Court ordered petitioner to file an amended habeas petition, he has not done so. Therefore, petitioner has provided no evidence to support this Court's grant of a stay of his removal.

Moreover, petitioner has not demonstrated that this Court has jurisdiction under the REAL ID Act to stay his removal pending a collateral claim before another court. The REAL ID Act amended the Immigration and Nationality Act, eliminating federal habeas corpus jurisdiction

REPORT AND RECOMMENDATION
PAGE – 2

over final orders of removal.  *See* Pub. L. No. 109-13, Div. B, 119 Stat. 231 (May 11, 2005). Under Section 106 of the Act, "a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of [the Immigration and Nationality Act]."  8 U.S.C. § 1252(a)(5).  "A request to stay an order of removal based on a pending collateral claim does not escape the jurisdiction stripping provisions of the REAL ID Act."  *Mancho v. Chertoff*, ___ F. Supp. 2d ___, 2007 WL 902072, *2 (D.D.C. 2007) (citing *Formusoh v. Gonzales*, No. 3-07-CV-0128-K, 2007 WL 465305 (N.D. Tex. Feb. 12, 2007) (dismissing for lack of subject matter jurisdiction habeas petition of petitioner seeking stay of removal pending resolution of an I-130 petition and an I-485 adjustment of status petition); *Tale v. United States Dep't of Homeland Sec.*, 2006 U.S. Dist. LEXIS 47577, at *1 (S.D. Tex. July 13, 2006) (finding lack of jurisdiction to grant petitioner preliminary and permanent injunctions barring his deportation prior to the resolution of his claims pending before an immigration judge.)).  Absent statutory or legal authority that creates an exception to the REAL ID Act, this Court lacks subject matter jurisdiction over petitioner's request for a stay of removal during the pendency of his I-130 petition.  Accordingly, because the Court is without jurisdiction to grant petitioner's requested relief, he is unable to show either a probability of success on the merits plus the possibility of irreparable harm or that serious legal questions are raised and the balance of hardships tips in his favor.

### III.  CONCLUSION

For the foregoing reasons, I recommend that petitioner's motion for stay of removal, Dkt. #6, be denied, and that this action be dismissed.  A proposed order accompanies this Report and Recommendation.

DATED this 8th day of May, 2007.

*/s/ James P. Donohue*
JAMES P. DONOHUE
United States Magistrate Judge